UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

JANICE TUPPER,

Plaintiff,

vs.

WG CRANFORD SH, LLC

Defendant.

Index No. 2:24-cv-06660

**WG CRANFORD SH, LLC'S REPLY BRIEF
IN FURTHER SUPPORT OF ITS MOTION TO DISMISS AND
IN OPPOSITION TO PLAINTIFF'S CROSS-MOTION TO AMEND**

Dated:  August 26, 2024

**SCHENCK, PRICE, SMITH & KING, LLP**
220 Park Avenue
PO Box 991
Florham Park, NJ 07932
Telephone: 973-798-8227
Facsimile: 973-540-7300
Email: jpc@spsk.com
Email: mrp@spsk.com

Of Counsel and On the Brief:
John P. Campbell, Esq.
Matthew R. Parker, Esq.

1

**PRELIMINARY STATEMENT**

Plaintiff, Janice Tupper's ("Plaintiff's"), allegations do not, as a matter of law, permit recovery for personal injury, emotional distress, and punitive damages against WG Cranford SH, LLC ("Defendant" or "WG Cranford") and Plaintiff's Opposition fails to raise any salient points to rebut this requisite conclusion. Plaintiff's Opposition, likewise, does not establish the viability of Plaintiff's claims under *N.J.S.A.* 2A:33-1, thus necessitating the dismissal of any claimed relief under this statute.

To the extent Plaintiff seeks to delay the dismissal of these claims and assert further claims against WG Cranford based upon a proposed Second Amended Complaint, this attempted amendment is not procedurally proper and cannot be permitted at this time. Finally, the proposed pleading is futile, and the cross-motion must be denied.

**LEGAL ARGUMENT**

**I.      Plaintiff's Claim for Emotional Distress Damages Fails as a Matter of Law**

      A.      Plaintiff Cannot Sustain a Claim for Negligent Infliction of Emotional Distress

Under New Jersey law, an individual may recover on emotional distress damages only where: (i) they have suffered a physical injury; (ii) a plaintiff can demonstrate that the defendant's negligent conduct placed the plaintiff in reasonable fear of immediate personal injury; or (iii) by satisfying the four elements set forth in *Portee*. *Jablonowska v. Suther*, 195 N.J. 91, 104 (2008). Plaintiff's alleged facts do not fit within any of these paradigms.

Plaintiff does not set forth any factual allegations establishing that she sustained any physical harm as a result of WG Cranford's alleged conduct. While Plaintiff claims to be injured as the result of losing her pets remains, this injury is not physical in nature. *Koeppel v. Bassett*, No. 08-cv-04543 (KM), 2015 U.S. Dist. LEXIS 18841, at *11 (D.N.J. Feb. 17, 2015) ("physical-

2

injury requirement is a corroborative safeguard against spurious claims of emotional distress."). Plaintiff's claimed injuries instead arise solely from the alleged disposal of her property, particularly her cremated pets, to which she attributes sentimental value. The disposal of property, even property holding sentimental value, does not support the award of emotional distress damages. *See McDougall v. Lamm*, 211 N.J. 203, 213-14 (2012) (holding a plaintiff could not recover for emotional distress damages despite witnessing death of pet); *Abouzaid v. Mansard Gardens Assocs., LLC*, 207 N.J. 67, 78 (2011) (providing that emotional distress damages can be recovered only under the "zone of danger" theory of liability or a *Portee* theory of liability).

Plaintiff's reliance on *Falzone v. Busch*, 45 N.J. 559 (1965) in support of her emotional distress claims is misplaced. In *Falzone v. Busch*, 45 N.J. 559 (1965), the New Jersey Supreme Court held that a plaintiff could recover for emotional injury, even if unaccompanied by physical impact, provided that the defendant's negligent conduct placed the plaintiff in "a reasonable fear of immediate personal injury." *Ibid.* After *Falzone*, courts permitted a plaintiff who was within the "zone of risk" created by the defendant's negligent conduct to claim emotional distress damages, provided, however, that substantial bodily injury or sickness also resulted from the fright. *Jablonowska*, 195 N.J. at 103.

Plaintiff has not pled that Defendant's actions placed her in fear of personal injury, either immediate or otherwise. Plaintiff acknowledges as much in her Opposition papers. *See* Plaintiff's Opposition at pg. 13. As Plaintiff was not in the "zone of risk" created by any allegedly negligent conduct of WG Cranford, Plaintiff cannot rely on *Falzone* to sustain her claim for emotional distress damages.

On balance, Plaintiff's allegations do not fit within any of the established circumstances in which a claim for emotional distress damages can be brought. Plaintiff's claims, at their core, are

based in the alleged destruction of property. Plaintiff does not cite any case in which a court has permitted a plaintiff to seek emotional distress damages claims for the destruction of property, nor do any appear to exist based on Defendant's research. Accordingly, Plaintiff has failed to plead a permissible negligent infliction of emotional distress claim, and Plaintiff's demand for emotional distress damages must be dismissed as a matter of law.

      B.     <u>Plaintiff Cannot Sustain a Claim for Intentional Infliction of Emotional Distress</u>

Plaintiff's Complaint likewise cannot substantiate a claim for intentional infliction of emotional distress. For an intentional act to result in liability, the defendant must intend both to do the act and to produce emotional distress. *Juzwiak v. Doe*, 415 N.J. Super. 442, 451 (App. Div. 2010).

Plaintiff's allegations cannot sustain an intentional infliction of emotional distress claim as Plaintiff does not sufficiently allege any purposeful or intentional conduct on the part of WG Cranford. Simply affixing a conclusory label that WG Cranford's claimed conduct was "willful" or "malicious" is not sufficient to render this conduct "intentional." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (conclusory statements are insufficient to sustain a cause of action). Plaintiff claiming, in conclusory fashion, that the actions of WG Cranford were intentional in her Opposition does not change this determination.

Even if WG Cranford's conduct could be construed as intentional based on Plaintiff's factual allegations, which they cannot, Plaintiff still fails to raise any factual claims which supports the conclusion that WG Cranford intended to cause Plaintiff severe emotional distress. Plaintiff's Opposition does not point to any allegations in the Complaint which would be sufficient to establish a nexus between WG Cranford's claimed acts and the claimed emotional distress Plaintiff claims to have incurred. Accordingly, Plaintiff cannot sustain a claim for intentional infliction of

4

emotional distress and Plaintiff's demand for emotional distress damages must be dismissed as a matter of law.

**II.     Plaintiff's Claim for Punitive Damages Fails as a Matter of Law**

Plaintiff's Opposition does not raise any arguments to in support of her claim for punitive damages against WG Cranford. As Plaintiff's Complaint fails to allege any "evil minded" violation of the standard of care by WG Cranford that would support the award of punitive damages, this quantum of damages must be dismissed as a matter of law. *See Rivera v. Valley Hosp., Inc.*, 252 N.J. 1, 17-18 (2022) (To warrant a punitive damage award, there must be an intentional wrongdoing in the sense of an "evil-minded act.").

**III.    Plaintiff's Pain and Suffering, and Loss of Enjoyment of Life Damages Fail as a Matter of Law**

As Plaintiff has not claimed to have incurred any specific physical injury as a result of WG Cranford's claimed conduct, Plaintiff's demand for personal injuries including pain and suffering and loss of enjoyment of life is legally deficient and must be dismissed. *See Smith v. Whitaker*, 160 N.J. 221, 236 (1999) (explaining that pain and suffering damages arise from physical injury); *Nieves v. Adolf*, 241 N.J. 567, 586-87 (2020) (pain and suffering is . . . associated with personal injuries); *Eyoma v. Falco*, 247 N.J. Super. 435, 446 (App. Div. 1991) (Loss of enjoyment of life damages are those damages which flow from physical impairments which limit plaintiff's capacity to share in the amenities of life). Plaintiff fails to present any arguments in her Opposition to rebut this conclusion, and, even if she did, there is no information contained in either her Opposition or her Complaint which would be sufficient to do so.

**IV.    Plaintiff's Claim for Double and Treble Damages Fails as a Matter of Law**

While Plaintiff demands double and treble damages from WG Cranford for the claimed disposal of her personal property, Plaintiff's Complaint fails to credibly allege that WG Cranford's

conduct violated any statutory provision that would support the award of these special damages. *See Lane v. Oil Delivery, Inc.* 216 N.J. Super 413 (App. Div. 1987) (holding that the measure of damages for personalty destroyed is the market value of the property at the time of loss). In the absence of any such pleadings contained in Plaintiff's Complaint, Plaintiff's claim for double and treble damages must be dismissed.

**V.      Plaintiff's *N.J.S.A.* 2A:33-1 Claim Fails as a Matter of Law**

Plaintiff fails to plead the necessary elements of a *N.J.S.A.* 2A:33-1 claim and her claims to the contrary are not based in good law.  First, *N.J.S.A.* 2A:33-1 permits the authorized distraints of property. *See Ibid.* ("Distraints may be taken when authorized by law"); *see also Kroell v. New York Ambassador*, 108 F.2d 294, 297 (2d Cir. 1939) ("a distraint involves an actual seizure of the property"). Second, Plaintiff concedes in her Opposition that WG Cranford had a warrant of removal at the time WG Cranford removed her possessions, and therefore this removal was "authorized by law." *See* Plaintiff's Opposition at pg. 6. Nevertheless, Plaintiff claims that the New Jersey State Court erred in issuing the warrant of removal to WG Cranford due to claimed service of process issues in the underlying proceeding.

Plaintiff's arguments on this issue fail. Plaintiff cannot now use the District Court to seek what would effectively be appellate review of the State Court's judgment in issuing the warrant of removal. *See N.J. Div. of Youth & Family Servs. v. Prown*, No. 13-7776, 2014 U.S. Dist. LEXIS 9084, at *5 (D.N.J. Jan. 21, 2014) (citing *Johnson v. De Grandy*), 512 U.S. 997, 1005-06, 114 S. Ct. 2647, 129 L. Ed. 2d 775 (1994) (A losing party may not seek what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.). "The *Rooker-Feldman* doctrine prohibits District Courts from adjudicating actions in which the relief requested requires

6

determining whether the state court's decision is wrong or voiding the state court's ruling." *McAllister v. Allegheny County Fam. Div.*, 128 Fed.Appx. 901, 902 (3d Cir. 2005) (citations omitted). *Rooker-Feldman* thus operates to prevent a litigant in a state-court action from collaterally attacking the results of that litigation in federal court, claiming constitutional or other error. *Bradley v. Lord*, Civil Action No. 23-03955 (GC) (JBD), 2024 U.S. Dist. LEXIS 41951, at *8-9 (D.N.J. Mar. 11, 2024).

Plaintiff's *N.J.S.A.* 2A:33-1 claim is contingent upon this Court finding that the New Jersey State Court erred in issuing the warrant of removal. Yet, the District Court cannot, as a matter of law, make this finding. WG Cranford's removal of Plaintiff's possessions were authorized by the warrant of removal issued by the New Jersey State Court and Plaintiff openly acknowledges this fact in her Complaint and Opposition papers. Therefore, the distraint of Plaintiff's property by WG Crandford was "authorized by law" Plaintiff's *N.J.S.A.* 2A:33-1 claims cannot stand and must be dismissed with prejudice.

**VI.    Plaintiff Cannot Amend Her Complaint While WG Cranford's Motion to Dismiss is Pending nor Can Plaintiff Rely on Allegations in This Proposed Second Amended Complaint In Opposition to WG Cranford's Motion**

Plaintiff cannot avoid adjudication of WG Cranford's motion to dismiss by seeking to amend her Complaint. *See Bell v. City of Phila.*, 275 Fed. Appx. 157, 160 (3d Cir. 2008) (noting that a plaintiff cannot amend the complaint through briefing); *Pennsylvania ex rel. Zimmerman v. Pepsico, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (A party cannot amend a complaint through the filing of a brief opposing a motion to dismiss). Plaintiff likewise cannot rely upon new factual allegations which have been raised for the first time in her proposed Second Amended Complaint. *See Mills v. Ethicon, Inc.*, 406 F. Supp. 3d 363, 387 (D.N.J. 2019) (*quoting Frederico v. Home*

7

*Depot*, 507 F.3d 188, 202 (3d Cir. 2007) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.")).

Plaintiff's proposed Second Amended Complaint is therefore impermissible and cannot be considered at this stage of the proceedings. To the extent that Plaintiff seeks to rely on this Second Amended Complaint, and the novel allegations raised therein in opposing WG Cranford's motion to dismiss, this reliance is misplaced and must be disregarded by this Court.

## VII.   Plaintiff's Proposed Second Amended Complaint is Futile and Leave to Amend Must be Denied

Plaintiff's cross-motion for leave to amend must be denied as the proposed Second Amended Complaint, like the Amended Complaint subject to the instant motion, contains claims that fail as a matter of law. Federal Rule of Civil Procedure 15(a) governs requests for leave to amend, allowing a party to amend its pleadings after obtaining the court's leave or the written consent of its adversary. WG Cranford does not consent and the decision to grant or deny leave to amend is "committed to the sound discretion of the district court." *Arab African Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993).

However, Courts must deny motions to amend when the claims stated are futile. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) ("'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted."). Moreover, in assessing whether that the proposed amendments would be futile, the Court should apply the same standard of legal sufficiency as it would under Rule 12(b)(6) or 12(c). *See Hassoun v. Cimmino*, 126 F. Supp. 2d 353, 360 (D.N.J. 2000).

For the reasons set forth in the initial moving papers and now here on reply, Plaintiff's claim for personal injury, emotional distress, and punitive damages against WG Cranford fail as a matter of law. Moreover, Plaintiff's factual allegations do not permit recovery under N.J.S.A.

8

2A:33-1 necessitating the dismissal of any claimed relief under this statute. All these claims are restated in the proposed Second Amended Complaint.

Likewise, Plaintiff's proposed claim that WG Cranford breached the lease fails as a matter of law.[1] As set forth in the proposed pleading, the purported causes of action amounts to no more than the following claim:

> 43. Defendant breached its duty according to lease page 22, section 6(d) (see Exhibit A attached hereto).

> *See* Plaintiff's proposed Second Amended Complaint, ¶43.

However, the proposed pleading fails to allege any action which amounts to a breach and therefore the proposed "cause of action" is futile. Plaintiff refers to the following provision of the Cranford (10319) Janice Tupper Residency Agreement annexed to the proposed pleading at Exhibit A in support of her proposed breach of lease claim:

> d. Removal of Personal Property. You will remove your personal property from the Apartment on or prior to the termination date of this Agreement. If you fail to remove your personal property from the Apartment on or before any such termination date, we will continue to assess the then-current Monthly Rental Rate, prorated on a daily basis, until you or your Responsible Person removes your personal property. If you or your Responsible Person fails to remove your personal property as of the termination date or after the last date of the month following the resident's death, then we may elect to either (a) remove your personal property from the Apartment and place it in storage at your or your estate's expense; or (b) dispose of it as we deem appropriate, provided we provide you notice that we are doing so.

> *See* Exh. A to Plaintiff's proposed Second Amended Complaint at Page 11 of 38 of the Agreement or page 34 of 92 of ECF Doc 11-1.

However, Plaintiff concedes that WG Cranford removed her personal property and placed into storage. *See* Plaintiff's proposed Second Amended Complaint, ¶28. She also concedes that she was

---

[1] WG Cranford reserves its right to attack any permitted claims alleging violations of N.J.S.A. 2A:18-72 through 2A:18-84 but does not do so at this early motion to amend stage. Moreover, WG Cranford reserves its right to assert counterclaims against Plaintiff for breaching the lease between the parties.

provided with notice regarding the potential disposal. *Id.* Finally, the basis of Plaintiff's proposed pleading is the allegation that her personal property was disposed. *Id., ¶*32. Therefore, Plaintiff fails to make any allegations that WG Cranford violated the specific terms of the breach she sets forth in the proposed pleading and the motion to amend must be denied.

## <u>CONCLUSION</u>

For the reasons set above, and the reasons set forth in its initial moving papers, defendant WG Cranford respectfully requests that the Court grant its motion to dismiss.

Respectfully submitted,
**SCHENCK, PRICE, SMITH & KING, LLP**
*Attorneys for Defendants WG Cranford SH, LLC*


By:  /s/John P. Campbell
John P. Campbell, Esq.

.
Dated:  August 26, 2024