**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| **JANICE TUPPER**, <br><br> Plaintiff, <br><br> vs. <br><br> **WG CRANFORD SH, LLC,** <br><br> Defendant. | Civil Action No. <br><br> 24-cv-6660-MCA-SDA <br><br> **OPINION** <br><br> January 3, 2025 |

**STACEY D. ADAMS, United States Magistrate Judge**

Before the Court is a Cross-Motion to Amend the Complaint filed by Plaintiff Janice Tupper ("Plaintiff") (ECF No. 11), in response to a Motion to Dismiss filed by Defendant WG Cranford SH, LLC ("Defendant") (ECF No. 5). Defendant opposes the Cross-Motion. (ECF No. 12). The Court decides this motion without oral argument pursuant to Fed. R. Civ. P. 78. After considering the submissions of the parties, and for the reasons stated below, Plaintiff's Cross-Motion to Amend the Complaint is **GRANTED**, and Defendant's Motion to Dismiss is **ADMINISTRATIVELY TERMINATED without prejudice**.

## I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed the operative complaint in Union County Superior Court on May 1, 2024. (Compl., ECF No. 1-1).[1]  Defendant filed a notice of removal on June 3, 2024. (ECF No. 1).

Plaintiff was a resident of Defendant's assisted living facility. (Compl. ¶ 2).  The lease was

---

[1] The May 1, 2024 filing was an Amended Complaint.  According to Defendant, Plaintiff filed her initial Complaint on March 12, 2024 against Defendant and several other parties, but never served it on any named defendant.  Plaintiff then filed the Amended Complaint on May 1, 2024, naming only Defendant, and properly served it.  This Court does not have a copy of the initial Complaint.

governed by a Residency Agreement dated October 31, 2022. (*Id.*, Ex. A).

In late June to early July 2023, Plaintiff became ill with an infection that required antibiotics and isolation. (*Id.* ¶ 9). Defendant was supposed to administer prescription medication to Plaintiff but failed to do so. (*Id.* ¶ 13). As a result, Plaintiff's condition worsened, eventually requiring hospitalization from July 27, 2023 through August 3, 2023, at which time she was released to a subacute in-patient facility for continued care. (*Id.* ¶¶ 22, 26).

Prior to Plaintiff becoming ill, on April 19, 2023, Defendant filed a complaint for eviction in Union County Superior Court. (*Id.* ¶ 6). Plaintiff purportedly did not receive notice of the trial date, and judgment was entered *in absentia* in Defendant's favor on June 5, 2023. (*Id.* ¶¶ 7-8).

On July 20, 2023, while Plaintiff was sick and quarantined, Defendant requested a post-trial warrant of removal. (*Id.* ¶ 20, Ex. B). Plaintiff again claims she was not made aware of the application. (*Id.* ¶ 21). An order of removal was issued on July 31, 2023, while Plaintiff was in the hospital. (*Id.* ¶ 25, Ex. C). The warrant of removal was executed on August 14, 2023. (*Id.* ¶ 27, Ex. D).

On August 17, 2023, Defendant's counsel advised Plaintiff via email that her personal belongings were moved to a storage facility. (*Id.* ¶ 28, Ex. E). Defendant instructed Plaintiff to retrieve her belongings by September 15, 2023 or they would be discarded. (*Id.* ¶ 29, Ex. E). Plaintiff made arrangements with a moving service to retrieve her belongings on September 14, 2023. (*Id.* ¶ 30). Plaintiff repeatedly tried to contact Defendant to notify them that she would be retrieving her belongings prior to the deadline. (*Id.* ¶ 33). However, when the movers arrived at the storage facility on September 14, 2023, they were told that Plaintiff's property had already been discarded per Defendant's instruction. (*Id.* ¶¶ 31-32). Among the items lost were the remains of Plaintiff's cremated pets, Plaintiff's photographs and videos, her computer, important personal

documents such as her passport, tax returns, and social security documents, and many additional items with sentimental value.  (*Id.* ¶¶ 62, 70).

Plaintiff alleges in the operative Complaint that Defendant breached a duty to her that resulted in a loss of invaluable property, personal injury, emotional distress, mental anguish, loss of enjoyment, and exposure to identity theft.  (*Id.* ¶¶ 75-78).  The proposed Second Amended Complaint ("SAC') does not change the alleged facts.  (ECF No. 11-1, SAC, ¶¶ 1-39).  It adds two new causes of action including: breach of the lease and deprivation of property in violation of *N.J.S.A.* 2A:18-72-84.[2]

## II.    LEGAL DISCUSSION AND ANALYSIS

### A.  Standard to Amend

There are two Court rules that govern amendments to pleadings under the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 15(a) governs amendments to pleadings before trial.  It provides that a party may amend its pleading once as a matter of course either within "(i) 21 days after serving it; or (ii) if the pleading is one to which a responsive pleading is required, the earlier of 21 days after service of a responsive pleading or 21 days after a motion under Rule 12(b), (e), or (f)."  Fed. R. Civ. P. 15(a)(1).  If those deadlines have expired, "a party may amend its pleadings only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).

---

[2] Plaintiff's operative Complaint, as well as the proposed SAC, does not lay out each cause of action in a separate count, as required by Fed. R. Civ. P. 10(b).  It is therefore difficult for the Court to parse out the specific causes of action alleged or to distinguish the causes of action from the alleged damages. However, Courts flexibly interpret *pro se* litigants' pleadings. *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d. Cir. 2013). "This means that we are willing to apply the relevant legal principle even when the complaint has failed to name it." *Id.* at 239 (citing *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d. Cir. 2003)); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (instructing Courts to hold *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers.").  The Court therefore did its best to identify each separate cause of action pled by Plaintiff.

Fed. R. Civ. P. 16 governs amendments after a scheduling order has been entered by the Court, and it is more stringent than Fed. R. Civ. P. 15. Under Fed. R. Civ. P. 16(b)(4), once a scheduling order has been entered that sets a deadline for amending pleadings, that schedule may be modified "only for good cause and with the judge's consent."

In the instant matter, the court has not yet entered a scheduling order. Therefore, the more liberal standard for amendments under Fed. R. Civ. P 15 applies. Plaintiff has already amended her pleading once (albeit in state court before any defendant was served) and filed her cross-motion to amend more than 21 days after Defendant filed its motion to dismiss. Defendant does not consent to the proposed amendment and, therefore, Plaintiff seeks leave of court.

The Third Circuit has adopted a "liberal" approach to amendments of pleadings. *DLJ Mortg. Cap., Inc. v. Sheridan*, 975 F.3d 358, 369 (3d. Cir. 2020). "The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). A court may deny a motion to amend only where there is (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice; (4) repeated failures to cure deficiencies; or (5) futility of amendment. *Ramos v. Walmart Inc.*, No. 21-CV-13827 (BRM) (AME), 2024 WL 3456218, at *1 (D.N.J. July 17, 2024) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Grayson v. Mayview State Hosp.*, 293 F. 3d 103, 108 (3d. Cir. 1984)). The court will analyze Plaintiff's cross-motion to amend under this liberal standard.

Defendant does not contest the amendment on the grounds that Plaintiff has unduly delayed, is acting in bad faith or has repeatedly failed to cure deficiencies. (Def. Reply, ECF No. 12). Nor does Defendant argue that the amendment will cause it undue prejudice. (*Id.*). Rather, Defendant opposes the amendment on two grounds. First, Defendant argues that Plaintiff may not amend her pleadings in order to defeat its motion to dismiss. (*Id.* at 7). Second, Defendant asserts the amendment would be futile because Plaintiff's claims still cannot survive its motion to dismiss.

Each of these arguments will be addressed in turn below.

**B.  That Plaintiff Moved to Amend in Response to a Motion To Dismiss Is Not Fatal**

Defendant first argues that Plaintiff cannot amend her complaint to avoid adjudication of the motion to dismiss.   In support of argument, Defendant relies upon several cases.  (*Id.* at 7-8). However, Defendant misconstrues the holdings in each of these cases.  Defendant is correct that a "complaint may not be amended by the *briefs* in opposition to a motion to dismiss."  *Gov't Emps. Ins. Co. v. Mount Prospect Chiropractic Ctr., P.A.*, 98 F.4th 463, 472 (3d Cir. 2024) (citations omitted) (emphasis added).  This holding is similar to those reached in each of the cases cited by Defendant in opposition to Plaintiff's cross-motion.  *See e.g.*, *Bell v. City of Phila.*, 275 Fed. Appx. 157, 160 (3d. Cir. 2008) (noting that a plaintiff cannot amend the complaint through *briefing* and further acknowledging that, in opposing a dispositive motion, "the proper procedure for plaintiffs to assert a new claim is to amend the complaint in accordance with Fed. R. Civ. P. 15(a).") (emphasis added) (citing *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004)); *Federico v. Home Depot*, 507 F.3d 188, 201-202 (3d. Cir. 2007) (holding that plaintiff could not avoid dismissal of her fraud complaint by including after-the-fact allegations in her briefs because a "complaint may not be amended by *briefs* in opposition to a motion to dismiss.") (emphasis added) (citations omitted)).  None of these cases stand for the proposition that a motion to amend should be summarily denied simply because it was filed in response to a motion to dismiss.  They explain that a complaint may not be amended in briefs filed in response to a motion but, rather, the proper recourse is to file a formal application to amend.

Here, Plaintiff is not seeking avoid dismissal by expounding upon her factual allegations in her opposition brief.   Instead, she is formally seeking to amend her complaint via motion pursuant to Fed. R. Civ. P. 15.  This is precisely what the Court in *Bell* suggested.  275 Fed. Appx.

at 160. *See also*, *Federico*, 507 F.3d at 192-193, 201-202 (finding it significant in affirming the dismissal of plaintiff's complaint that plaintiff never sought to formally amend her complaint but, rather, subsequently sough to bolster those allegations with additional facts set forth in her brief); *Ibrahim v. DeFilippo*, No. 19-CV-5021 (BRM) (TJB), 2021 WL 753898, at *8 (D.N.J. Feb. 26, 2021) ("It is well-settled that Plaintiff cannot amend a complaint *through the filing of a brief, or through arguments set forth in a brief* opposing a dispositive motion.") (emphasis added).

Accordingly, Defendant's argument that Plaintiff's motion to amend should be denied strictly because it was made in response to a motion to dismiss is unavailing. Plaintiff is not asking the Court to continue relying on the operative complaint, and merely embellishing on the facts in her opposition brief. Indeed, the proposed SAC does not change the facts at all. Rather, Plaintiff seeks to add two new causes of action not previously asserted. It is early in the case. No scheduling order has been entered. There is no assertion of undue delay or lack of diligence by Plaintiff. Nor has Defendant asserted any prejudice it will suffer if the motion is granted. Accordingly, the motion to amend is proper under Fed. R. Civ. P. 15.

### C. Plaintiff's Proposed SAC Is Not Futile

Defendant secondarily argues that Plaintiff's proposed SAC is futile. The standard for assessing futility of an amended complaint is the same standard of legal sufficiency that applies under Fed. R. Civ. 12(b)(6). *Reardon v. New Jersey*, No. 13-CV-5363 (NLH), 2014 WL 2921030, at *6 (D.N.J. Jun. 27, 2014) (citations omitted). "An amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief can be granted." *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d. Cir. 2000) (citation omitted). Although Rule 15 futility "closely tracks" Rule 12(b)(6), it "does not contemplate substantive motion practice on the merits of the claims." *Leach v. Applicant Insight, Inc.*, No. 20-CV-1533 (JMV), 2021 WL 236492, at *1

(D.N.J. Jan. 25, 2021). Put differently:

> If a proposed amendment is not *clearly* futile, then denial of leave
> to amend is improper. *This does not require the parties to engage in
> the equivalent of substantive motion practice upon the proposed
> new claim or defense*; [it] does require, however, that the newly
> asserted defense appear to be sufficiently well-grounded in fact or
> law that it is not a frivolous pursuit.

*Id.* (quoting *Harrison Beverage Co. v. Dribeck Imps., Inc.*, 133 F.R.D. 463, 468

(D.N.J. 1990) (alteration in original) (emphases added) (citations omitted)).

As an initial matter, Defendant does not even argue that one of Plaintiff's newly asserted

claims, alleging a violation of N.J.S.A. 2A:18-72 *et seq.*, is futile.  Instead, Defendant "reserves

its right to attack any permitted claims alleging violations of N.J.S.A. 2A:18-72 to 2A: 18-84 but

does not do so at this early motion to amend stage," thereby acknowledging that at least some of

Plaintiff's claims are, in fact, not futile.  N.J.S.A. § 2A:18-72 provides that a landlord may dispose

of any tangible goods or personal property left by a tenant after giving notice, "only if the landlord

reasonably believes under all the circumstances that the tenant has left the property upon the

premises with no intention of asserting any further claim to the premises or the property."  There

is no showing at this point that Defendant reasonably believed that Plaintiff was not going to

reclaim her property. To the contrary, the facts as pled in the Complaint suggest Defendant was

aware Plaintiff was ill and receiving treatment in an outside facility, and that this might be the

reason she could not retrieve her personal belongings any sooner. The email sent by Defendant's

representative giving Plaintiff 30 days to retrieve her personal property further indicates Defendant

knew Plaintiff had not fully abandoned her property.  Thus, Plaintiff's claim for violation of

N.J.S.A. § 2A:18-72 is not clearly futile.

Defendant next argues, in cursory fashion, that Plaintiff's claim for breach of paragraph

6(d) of the lease fails because (i) Defendant removed her personal property and placed it in storage;

and (ii) Defendant notified Plaintiff regarding potential disposal.  (Reply at 9-10).  This is too limited a reading of the proposed SAC.  Plaintiff's Complaint is not predicated solely upon Defendant's removal of her property and the notice thereof provided to Plaintiff.  It also alleges a breach stemming from the improper disposal of that property. (ECF No. 11-1 ¶¶ 44-46).  Under New Jersey law, a breach of contract claim has four elements: (1) the parties entered into a contract with certain terms; (2) plaintiff performed as required under the contract; (3) defendant breached the contract; and (4) plaintiff suffered damages. *See Globe Motor Co. v. Igdalev*, 139 A.3d 57, 64 (N.J. 2016).  Defendant's notice to Plaintiff stated she had thirty days to retrieve her property before it would be disposed.  Plaintiff made arrangements to retrieve her property before that date, only to learn that the property was already disposed.  (ECF No. 11-1 ¶¶ 30-31). This could feasibly constitute a beach of Defendant's duty pursuant to the lease and the notice provided to Plaintiff.  Given the liberal standard governing motions to amend, the proposed SAC is not clearly futile.

Finally, Defendant reiterates the arguments made in its motion to dismiss with regard to the previously pled claims in response to the Plaintiff's motion to amend.  However, these claims are not the basis for Plaintiff's motion to amend.  Indeed, Plaintiff's proposed SAC does not even modify the factual allegations, it asserts two additional causes of action – neither of which is futile. Therefore, the fact that Defendant believes the existing claims remain substantively flawed is not a basis for denying the amendment.

## III.    CONCLUSION

In summary, Plaintiff's Cross-Motion for leave to file the proposed SAC is **GRANTED.** Plaintiff shall file the SAC within 7 days of this Order.  Because the Court is permitting the Amendment, Defendant's pending Motion to Dismiss is **ADMINSITRATIVELY TERMINATED without prejudice**.  Following the filing of the SAC, the Court will hold a

8

settlement conference before the undersigned on **January 27, 2025 at 1:30 p.m. IN PERSON** at the Courthouse.  If the settlement conference is unsuccessful, then the Court will set a deadline for Defendant to file a responsive pleading to the SAC.  Should Defendant wish to do so, it may then file a motion to dismiss all or part of the SAC at that time.

Date: January 3, 2025

                                  */s/ Stacey D. Adams*
                                  Hon. Stacey D. Adams, U.S.M.J.